## CIRCUIT COURT OF THE CITY OF FREDERICKSBURG

John J. Bowden, Jr.

v.

Phillip E. Johnson et al.

December 14, 1983

By JUDGE JOHN A. JAMISON

I have gone over Defendant's brief in opposition to Plaintiff's motion to set aside the verdict and award a new trial in the above matter. Likewise, I have studied the Plaintiff's reply in which he used the argument portion of the Defendant's brief and interlined in longhand comments and arguments in response to statements in Defendant's argument.

This case is very much like several other recent cases in which the verdict appeared to Plaintiff's counsel to be inadequate and not responsive to the evidence. Even though the Court itself may have agreed that the jury was entirely too frugal, I have had to deny these motions.

One of Mr. Harris's arguments is that his special damages total $765.92 but the jury awarded only $657.08. This same thing occurred in at least two of the series of cases cited by the Defendant and in the cases I cited in my Memorandum of Opinion in *Payne v. Robertson* in this Court, dated August 22, 1983. The Supreme Court has made it clear that this disparity is not enough to set side the verdict.

In several of the cases I have considered lately, there was a pre-existing injury but that is not the case here, nor does it appear to be so in the most recent one of *Doe v. West*, 222 Va. 440, 281 S.E.2d 850 (1981),

where Judge Purcell set aside the verdict as inadequate, because he felt that the jury had disregarded the Court's instruction on the elements of damages to be considered. Apparently the Supreme Court felt that, "the verdict should not be disturbed if it is supported by a logical interpretation of the factual issues."

After additional study of the principle involved here and of [the] respective arguments and memoranda, I must decline to set aside the verdict as being inadequate or as bearing no relation to the evidence and must enter judgment on the verdict.